UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
NOV - 7 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:19CR944 ERW/NCC |
| TARA SABATINI, | ) ) |
| Defendant. | ) ) |

## INDICTMENT

The Grand Jury charges that:

**The Defendant**

1. At all times relevant to this Indictment, defendant Tara Sabatini was a resident of St. Charles County, Missouri.

**Background**

2. At all times relevant to the charges, "Company #1" was a company located in St. Louis, Missouri that sold wholesale amounts of food to various commercial customers, typically grocery store chains. Defendant started working for Company #1 in December 2009. By 2018, defendant held the title of "Senior Director of Sales" at Company #1. Through that position, defendant developed and managed some of Company #1's largest accounts. Defendant's compensation for her position included both a regular salary and opportunities for bonus compensation if she met certain sales incentive goals.

3. Among other privileges and responsibilities, Company #1 provided defendant with a company-funded corporate credit card, and authorized her to use the credit card for official business, including work travel and some client expenses. Given the nature of

1

defendant's position, she frequently traveled and interacted with customers. These work responsibilities created the opportunity for defendant to frequently use her corporate card, and made it important for defendant to accurately report to Company #1 what each credit card charge was actually for, given the number of charges, her broad work responsibilities, and the large out-of-state customers that she serviced.

4.  During 2017-18, defendant used her corporate credit card to fund personal expenses, including but not limited to purchasing plane tickets for a friend of her husband, purchasing plane tickets for her parents, purchasing hotel rooms for her husband and his friends, and purchasing gift cards for personal use. The airline company is headquartered in Atlanta, Georgia. The airline company uses its Georgia-based headquarters to oversee its airline ticket pricing, loyalty rewards, Internet presence, and customer service functions.

5.  During 2018, defendant also purchased luxury ticket packages from a Major League Baseball team that was located in New York, frequently using electronic communications with New York based employees of the team for ticket purchase and delivery purposes. After receiving these baseball tickets, defendant attended some of the baseball games, and also gave some of the tickets to her friends and family. Defendant further sold some of the baseball tickets through an Internet service, deposited the proceeds in a joint account that she shared with her husband, and spent the proceeds of the ticket sales on her personal expenses.

6.  When these fraudulent credit card charges appeared on defendant's monthly corporate expense reports at Company #1, defendant used false and misleading descriptions of the charges on her expense reports that concealed the personal nature of the charges from Company #1. Defendant sometimes suggested to Company #1 that certain charges could be billed to food customers who had agreed to reimburse Company #1 for these charges, for

example food customers using baseball tickets or gift cards for charity auctions or contests. But when these food customers were later billed for the charges, they advised Company #1 that they had neither authorized the charges nor received any services or goods under these transactions. Sometimes on the same day, defendant provided Company #1 and the Major League Baseball team with radically different explanations for the same credit card transactions. Ultimately, when Company #1 confronted the defendant about some of the transactions, she deleted some text messages from her company phone before returning it to Company #1.

**COUNTS ONE, TWO, AND THREE**
**Wire Fraud**
**(18 U.S.C. § 1343)**

7. Paragraphs 1 through 6 are incorporated by reference, as if fully set forth herein.

**THE SCHEME**

8. From on or about January 1, 2017, to on or about November 9, 2018, defendant Tara Sabatini devised and intended to devise a scheme to defraud Company #1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**MANNER AND MEANS**

9. It was part of the scheme that defendant used her corporate credit card for personal expenses, and then made false and fraudulent representations to Company #1 regarding her corporate credit card transactions in order to fraudulently obtain money and property from Company #1.

10. On or about each of the dates set forth below, in St. Louis City and St. Charles County, in the Eastern Division of the Eastern District of Missouri, and elsewhere, defendant

Tara Sabatini, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | ON OR ABOUT COUNT DATE | DESCRIPTION |
|---|---|---|
| 1 | 6-17-2018 | 10 game "Legends" baseball package |
| 2 | 6-20-2018 | Airline ticket purchase for mother |
| 3 | 10-17-2018 | Airline ticket purchase for friend |

All in violation of Section 1343 of Title 18 of the United States Code.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Andrew J. Lay #39937MO
Assistant United States Attorney