UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-944 ERW |
| | ) | |
| TARA SABATINI, | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Gwendolyn E. Carroll, Assistant United States Attorney for said District, and hereby submits this memorandum in support of its request that this Court sentence the defendant in the above-captioned matter to a term of incarceration of 30 months.

**I.   Procedural History and Presentence Investigation Report**

On October 22, 2020, defendant Tara Sabatini pled guilty to Count One of an Indictment charging her with wire fraud in violation of 18 U.S.C. § 1343. Doc. No. 45. As a condition of that plea, defendant Sabatini agreed to recommend the imposition of a restitution order in the amount of $233,857 payable to Company 1, the victim in the offense of conviction. Doc. No. 46 at ¶ 8(f).

On November 23, 2020, the Pretrial Services Office filed a Petition for Action on Conditions as to defendant Sabatini. Doc. No. 52. That petition related to allegations that defendant Sabatini had defaulted on an obligation to pay victim VC $13,291.00. Following the

filing of the Petition, defendant Sabatini's release conditions were subsequently modified by this Court.  Doc. No. 53.

On December 11, 2020, the Pretrial Services Office filed a Petition for Action on Conditions of Pretrial Release as to defendant Sabatini.  Doc. No. 56.  This petition related to allegations that defendant Sabatini had defaulted on an obligation to pay victim JW $125,000.00.  On December 17, 2020, the initial Presentence Investigation Report was filed.  The initial Presentence Investigation Report in this matter, Doc. No. 61, identified a Total Offense Level of 18.  PSR ¶ 42.  This Total Offense Level of 18 resulted from a base offense level of 7, plus a 12 level increase because the loss associated with the offense of conviction was more than $250,000, plus a 2 level increase because the defendant abused a position of trust, minus a 3 level reduction because the defendant timely accepted responsibility.  PSR ¶¶ 33, 34, 36, 40, 41.  This Total Offense Level, with a criminal history category I, resulted in a Sentencing Guidelines Range of 27 to 33 months.

Following a hearing on December 21, 2020, defendant Sabatini's bond was revoked.  Doc. Nos. 62, 63.  On January 13, 2021, 2021, the United States Probation Office issued its Final Presentence Investigation Report.  Doc. No. 66.  In the Final PSR, in view of the post-plea conduct that was the subject of the violation petitions, the United States Probation Office removed the 3 level reduction for credit for acceptance of responsibility, noting that

> The defendant provided a truthful admission regarding her involvement in the instant offense and entered a plea of guilty prior to the commencement of trial, all in a timely manner. However, the defendant's bond has since been revoked as a result of continued criminal activity following her change of plea, including: rendering three insufficient funds checks to one victim in an aggregate amount of $40,301.80; and four insufficient funds checks to a second victim in an aggregate amount of $116,446.35.

2

Final PSR ¶ 31. The Final PSR identified a total offense level of 21, resulting in a Guidelines range of 37 to 46 months, as opposed to 27-33 months, the sentencing range in the initial PSR. Final PSR ¶ 81.

The United States has no objections to the Final Presentence Investigation Report in this matter. However, the United States does wish to advise this Court that since the issuance of that Final PSR, there has been a material development in this case. Since the issuance of the Final PSR, the defendant, as the Court is aware, has agreed to pay full restitution to the victims of the post-plea offense conduct. Doc. No. 71. Further, the defendant has withdrawn her objections to the PSR. Doc. No. 72.

## II. Sentencing Recommendation

Since the date of the defendant's bond revocation in December, the United States has engaged in sentencing discussions with opposing counsel. These discussions were framed in the context of the original Presentence Investigation Report, which identified a total offense level of 18 and a sentencing guidelines range of 27-33 months.

As the plea agreement and the PSR both recognize, at the time of her plea, the defendant contested both increased guideline levels resulting from the loss amount and the abuse of a position of trust. PSR ¶ 34, 36. At the time that the defendant entered her plea of guilty in this matter, both the United States and the defendant anticipated a contested sentencing in which the defendant would dispute the loss amount of greater than $250,000 and the sentencing level increase resulting from a finding that the defendant abused a position of trust. Indeed, the defendant filed objections to the PSR, reflecting the contested issues she reserved. Doc. No. As noted above, the defendant has since withdrawn those objections.

3

The United States hereby respectfully requests that this Court impose a sentence of 30 months' incarceration and order the defendant to pay restitution to the victim of the instant offense, "Company 1," as well as to victims V.C. and J.W.. This sentencing request by the United States was preconditioned on several concessions by the defendant: (1) that she withdraw any objections to the PSR and agree not to contest loss or abuse of a position of trust at sentencing; (2) that she consent to the entry of an order of restitution for the additional offense conduct victims V.C. and J.W.; (3) that she not seek a sentence below the Guidelines range anticipated by the original PSR (27-33 months), despite the fact that the terms of the plea agreement enabled her to do so (Doc. No. 46 at ¶ 2) and (4) that the defendant join in the United States' request for a sentence of 30 months' incarceration.

In fashioning a sentencing request, the United States has attempted to prioritize the welfare of the victims in both the instant offense and of the defendant's post-plea offense conduct. As is clear from the victim impact statements in this matter, the defendant has caused protracted psychological and financial damage to her victims. This case has had a lengthy pendency, having been indicted over two years ago. Doc. No. 2. In its communications with the victims, undersigned counsel has gathered that securing an enforceable restitution judgment is a high priority for these victims. In recommending a sentence of 30 months' incarceration, the United States recognizes both the harm that the defendant has caused victim Swiss American and the additional victims whose identities are reflecting on the restitution questionnaire[1] and in the victim impact statements,

---

[1] The government is aware that the Final PSR identifies two insurance companies as victims in this matter. However, the plea agreement in this matter anticipates the payment of restitution to Company #1, and the government has identified Company #1 as the recipient of restitution. To the extent that Company #1 has received compensation in excess of its losses, Company #1 may determine to what if any extent it owes compensation to its insurers.

4

as well the defendant's lack of criminal history and willingness to voluntarily consent to a restitution judgment for uncharged victims.

The defendant's conduct does warrant a term of incarceration. She has caused harm to more than one person or one entity, and has continued to do so even after her conviction in this matter. The United States is aware that the defendant has young children, and does not have a criminal history. However, in view of the defendant's continued misconduct in this matter, the United States feels that a sentence of 30 months is sufficient, but not greater than necessary, to satisfy the sentencing objectives of 18 U.S.C. Sec. 3553.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Gwendolyn E. Carroll*
GWENDOLYN E. CARROLL #NY4657003
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Gwendolyn Carroll
GWENDOLYN CARROLL #NY4657003
Assistant United States Attorney