UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:19-CR-00944 ERW ) ) |
| **TARA SABATINI**, | ) ) |
| Defendant. | ) ) |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, Defendant, Tara Sabatini, by her attorney, Martin Minnigerode, and submits this memorandum to assist the Court in fashioning a sentence that is "sufficient, but not greater than necessary," to comply with the objectives of sentencing under 18 U.S.C. § 3553(a). For the reasons outlined in this memorandum, Mrs. Sabatini requests that the Court sentence her to a term of 30 months of incarceration and impose an order of restitution as outlined in in the parties "Joint Consent Motion for Entry of a Restitution Order" [DOC 71].

Under the terms of the initial plea agreement, the parties anticipated a contested sentencing wherein the total offense level would be 14, 16, or 18. The agreement left open for litigation the issues of "abuse of private trust" and "total loss amount." See U.S.S.G. § 3B1.3 and U.S.S.G. § 2B1.1(b)(1)(F-G). In the Disclosure Presentence Investigation Report (Disclosure PSR) [DOC 61] the report writer calculated the Total Offense Level to be 18, consistent with the Government's original position. Subsequently, the writer filed a Final Presentence Investigation Report (Final PSR) [DOC 66], wherein the writer concluded that Mrs. Sabatini should not qualify for the 3 level deduction for acceptance of responsibility and that her Total Offense Level was therefore 21. Final PSR ¶31, 41. It was undisputed that Mrs. Sabatini had no criminal history and

was in Criminal History Category I. Final PSR ¶46. Under the Disclosure PSR the guidelines range was 27-33 months. Disclosure PSR ¶82. Under the Final PSR the guidelines range was 37-46 months. Final PSR ¶81.

Counsel for Mrs. Sabatini and the Government have been engaged in extensive additional plea negotiations since Mrs. Sabatini's bond was revoked on December 21, 2020. [DOC 62, 63]. As a result of those negotiations, an agreement was reached for the parties to jointly recommend a sentence of incarceration of 30 months.  This agreement, in part, recognizes that Mrs. Sabatini has accepted responsibility for her actions, both charged and uncharged and is based upon the originally contemplated sentencing range. As part of this new agreement, Mrs. Sabatini has withdrawn her objections to the Final PSR's Total Offense Level calculations thereby eliminating the need for further litigation. She also agreed to an order of restitution being entered that is higher than was agreed to in the original plea agreement and includes victims not included in that agreement. [DOC 46, 71, 72]. Further, Mrs. Sabatini agreed to not request a sentence lower than the Guidelines range as calculated in the original plea agreement.  The plea agreement specifically allowed Mrs. Sabatini to request to be placed on probation, a request she now has agreed not to make.

It would be easy to make excuses and to claim that Mrs. Sabatini's traumatic childhood abuse, unstable family relationships, and substance abuse were somehow the root cause of the behavior that led to the present criminal charges. Mrs. Sabatini, however, does not blame her actions on these things. Instead, she takes full responsibility for what she has done. She understands that her actions have hurt many, many people including family members, friends, former co-workers, and people she holds dear.  Repairing these damaged relationships will not be easy, and in many cases may not even be possible.  To the extent that she can make amends (such as by

payment of restitution to the victims) she has willingly agreed to do so. Ultimately, the pain that she has inflicted on others, including her supportive husband and 2 young children, is something she will live with long after she is released from prison. Mrs. Sabatini's family and friends remain supportive of her and stand ready to assist her upon her release from prison. See Letters of Support filed on her behalf.  [DOC  83].

Mrs. Sabatini has acknowledged that she was using alcohol excessively and as a coping mechanism while she was working for the victim.  She was drinking before, during, and after work. Final PSR §56. She recognizes that substance abuse is a problem in her life and had begun counseling while on bond in this case to try and address the problem.  She believes that she would benefit from any available substance abuse treatments available to her while incarcerated. Further, she recognizes that her past traumas have impacted her in ways she does not fully comprehend. She believes that her counseling was beneficial in helping her process these events.  She respectfully requests that the court recommend ongoing mental health treatment as available as part of her incarceration and subsequent supervised release. There is a program within the Federal Bureau of Prisons located at the Danbury, Connecticut facility called the "Female Integrated Treatment Program." This program combines elements of the Residential Drug Treatment Program (RDAP) and other psychology-based treatment programs.  It is specifically designed for women like Mrs. Sabatini who have both substance abuse and mental health related issues. Mrs. Sabatini would request that the court recommend she be placed into this program if she is determined to be eligible.

Mrs. Sabatini understands that her actions, and her actions alone, have led to her being before the court in this matter. She is committed to making the best use of her time while incarcerated to better herself and make significant impactful changes in her life so that she never

finds herself before this or any other court again. She is deeply remorseful for the harm she has caused and is intent on making amends upon her release. She knows that actions, and not words, will be the true measure of her remorse and is dedicated to showing those hurt by her actions that she deeply regrets the choices she made.

WHEREFORE, the Defendant Tara Sabatini, respectfully requests that the court sentence her according to the agreement of the parties to 30 months of incarceration with the recommended conditions and order of restitution.

_____
Martin Minnigerode, #47654MO
1922 Chouteau Ave.
St. Louis MO 63103
Telephone: 314-266-4686
Facsimile: 314-266-4682
E-mail: martin@mmlawstl.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on **February 11, 2021** this document was filed with the court via the CM/ECF system which will generate notice to all parties of record.

_____